IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOSE MARIA HERNANDEZ SALGUERO, | : | |
| Petitioner, | : | |
|  | : | |
| v. | : | Civil No.: 2:26-cv-01514 |
|  | : | |
| JAMAL L. JAMISON, et al., | : | |
| Respondents. | : | |

# ORDER

**AND NOW**, this 11th day of March, 2026, upon consideration of the Petitioner's First Petition for Writ of Habeas Corpus (ECF No. 1), the Petitioner's Amended Complaint (ECF No. 2), and the Government's Answer to Amended Complaint (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

---

[1] Mr. Hernandez Salguero ("Petitioner") has resided in the United States since he entered in 1992 and has now spent more than thirty years working in the United States. *See* Pet. for Habeas Corpus ¶ 1. Since he arrived, Petitioner has maintained steady employment and has consistently paid taxes using a Social Security Number. *See id.* at ¶ 27. He has also been married to a United States citizen since 2016. *See id.* at ¶ 28. Following their marriage, Petitioner's spouse filed a Form I-130 Petition for Alien Relative on Petitioner's behalf. *Id.* Petitioner and his spouse attended the I-130 interview and the I-130 Petition was approved. *Id.* On March 6, 2026, Petitioner was arrested by Immigration and Customs Enforcement (ICE) agents in front of his home. *See id.* at ¶ 31.

Petitioner maintains that his detention is unlawful because the Government has detained him without bond under § 1225(b)(2), in violation of due process. The Government counters and argues that (1) Mr. Hernandez Salguero is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) Mr. Hernandez Salguero's detention does not offend due process. The overwhelming majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government further asserts that Petitioner is "seeking admission" and is thus covered by § 1225(b)(2). Under *Wisconsin Central. Ltd. v. United States*, 585 U.S. 274, 277 (2018), statutory terms must be interpreted according to their ordinary meaning at the time of enactment. The terms

1. Mr. Hernandez Salguero is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Hernandez Salguero from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on March 13, 2026;

3. If the Government chooses to pursue re-detention of Mr. Hernandez Salguero pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

of § 1225(b)(2) support limiting the provision to noncitizens just arriving to the United States or those that have recently arrived. *Ndiaye v. Jamison*, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025). As Judge Sánchez explained, "seeking admission" is an "affirmative, present-tense" phrase that implies affirmative conduct by a noncitizen. *Id.* This interpretation is incompatible with applying the term to all noncitizens already living in the United States. *See id. See also Kashranov v. Jamison*, 2025 WL 3188399, at *1 (E.D. Pa. Nov. 14, 2025).

The Government relies on *Buenrostro-Mendez v. Bondi*, F.4th, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026), where the majority equated "applicant for admission" with "seeking admission" and adopted the Government's reading of § 1225(b)(2). This Court declines to follow that reasoning. Instead, it aligns with the extensive body of decisions nationwide and with Judge Douglas' dissent in *Buenrostro-Mendez*, which criticized the majority for distorting the statutory text, ignoring context and history, and disregarding the Supreme Court's understanding of the statutory scheme. *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting).

The Court concludes that Mr. Hernandez Salguero's mandatory detention without the opportunity for a bail hearing is unlawful. Accordingly, the Petition (ECF No. 1) is **GRANTED**.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.